The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, with the exception of Award, Number 3.
* * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21, Settlement Agreement approved April 8, 1992.
2. On January 14, 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On that date the employer-employee relationship existed between the parties.
4. As of that date, Travelers provided the coverage to the employer as provided under the Act.
5. The plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on January 14, 1992.
6. On that date the plaintiff was earning an average weekly wage of $330.00.
7. The issues to be determined in this case are:
 a. Are the complaints of which the plaintiff complains the result of the accident occurring on January 14, 1992; and,
 b. If so, to what further temporary total, permanent partial disability compensation and medical benefits, if any, is the plaintiff entitled under the Act.
8. Plaintiff's Exhibits 1 through 6 and an agreement of stipulated facts which is amended to indicate a compensation rate of $220.00 and by deleting paragraph 7(a).
9. The last temporary total disability compensation benefits were paid July 8, 1993, and no compensation prior to that date is being claimed by the plaintiff.
10. The plaintiff last worked for the defendant on June 5, 1992 and returned to work for another employer on August 20, 1994.
11. At the hearing on September 12, 1994, the parties introduced the following exhibits:
 1. Plaintiff's Exhibit 7, marked P7, consisting of three paystubs from plaintiff's employer as of August 20, 1994.
12. Subsequent to the hearing on September 12, 1994, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect all Motions and Objections have been duly considered under the applicable law and rules of evidence:
 1. Deposition of Dr. J. Ross Shuping dated October 21, 1994.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On January 14, 1992, the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer when he fell from a loader which he was operating for the defendant-employer as an employee truck driver injuring his right and left arms and his neck or cervical spine or back. The plaintiff was earning an average weekly wage of $330.00 on January 14, 1992.
2. The plaintiff, who at the time of the incident on January 14, 1992 was 47 years of age with an eighth grade education, but unable to read, who has no special skills and who has been a truck driver or laborer all his working life, was rendered disabled and unable to perform his regular work duties for the defendant-employer by reason of his said injuries and the pain incident thereto, and in addition, caused to suffer depression because of his inability to work and earn income and perform the usual activities of life to which he was accustomed.
3. Subsequent to January 14, 1992, the plaintiff was provided with medical care and treatment for his injuries and on several occasions with medical approval attempted to return to his work duties but was unable to perform his regular duties as a truck driver because of the pain generated by his injuries which he suffered.
4. Subsequent to the compensable accident on January 14, 1992, the plaintiff has been paid compensation by the defendants through July 8, 1993 but has not been provided by the defendants with work duties commensurate with his disabilities.
5. On August 20, 1994, the plaintiff returned to work for another employer.
6. The plaintiff has lost time from work as a result of the injuries he sustained on January 14, 1992 for which he has not been compensated from July 8, 1993 to August 20, 1994.
7. As the result of these injuries, the plaintiff has sustained a ten percent permanent partial disability of his left arm, a ten percent permanent partial disability of his right arm and a ten percent permanent partial disability of his back.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On January 14, 1992, the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer when he fell from a loader which he was operating for the defendant-employer as an employee truck driver injuring his right and left arms and his neck or cervical spine or back.
2. The plaintiff is entitled to temporary total disability compensation benefits from July 8, 1993 to August 20, 1994 at the rate of $220.00 per week.
3. The plaintiff is entitled to permanent partial disability compensation benefits for a total of seventy-eight weeks at the rate of $220.00 per week commencing August 20, 1994 for a ten percent permanent partial disability of his left arm, a ten percent permanent partial disability of his right arm and a ten percent permanent partial disability of his back.
4. As a result of his injury by accident, plaintiff has incurred medical expenses for treatment rendered which was reasonably necessary to effect a cure or give relief. N.C. Gen. Stat. § 97-25. Hyler v. GTE Prods. Co., 333 N.C. 258,425 S.E.2d 698(1993).
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from July 8, 1993 to August 20, 1994 at the rate of $220.00 per week, less the attorney fee hereinafter provided.
2. The defendants shall pay to the plaintiff permanent partial disability compensation benefits for seventy-eight weeks at the rate of $220.00 per week commencing August 20, 1994, less the attorney fee hereinafter provided.
3. The defendants shall pay all medical expenses resulting from the injury of January 14, 1992 which are reasonably necessary to effect a cure, or give relief when the bills have been submitted according to approved Commission procedure.
4. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to Timothy Haithcock for his services to the plaintiff to be deducted from the compensation and paid directly to plaintiff's attorney.
5. The defendants shall pay the costs.
This the _____ day of April 1997.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER
DCS:jmf